**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) | |
| | ) | No. 26 CR 20306-3 |
| v. | ) | |
| | ) | Hon. Judith E. Levy |
| PAIGE ELIZABETH FEYOCK (D-3),<br>Defendant. | ) | |

**MOTION TO MODIFY CONDITIONS OF RELEASE**

Paige Feyock is charged with conspiring to make interstate threats and with conspiring to witness tamper. (ECF No. 1.) She was arrested in this case on June 10, 2026, and was released on bond two days later, with a GPS tether and a condition of home confinement. (ECF No. 78.)

Ms. Feyock now asks the Court to modify her home confinement condition to a curfew restriction. Such a modification would allow Ms. Feyock to meaningfully seek employment, support herself, and meet her obligations during the pendency of this matter. In support of this request, she provides the attached Memorandum.

Pursuant to Local Rule 7.1(a), defense counsel sought the government's concurrence in this request. The government does not concur.

Dated: September 1, 2026

Respectfully submitted,

/s/Sanford Plotkin
Sanford Plotkin (P38691)
30445 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
248-798-5756
sanfordplotkin@gmail.com

/s/ Molly Armour
Molly Armour (Illinois Bar 6295792)
Law Office of Molly Armour
53 W. Jackson Boulevard, Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) | |
| | ) | No. 26 CR 20306-3 |
| v. | ) | |
| | ) | Hon. Judith E. Levy |
| PAIGE ELIZABETH FEYOCK (D-3),<br>Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO MODIFY CONDITIONS OF RELEASE**

Paige Feyoock is charged with conspiring to make interstate threats and conspiring to witness tamper. (ECF No. 1.) The conduct alleged against Ms. Feyock took place between September 2024 and April 2025, the latest of which is approximately a year and a half ago. Ms. Feyock was arrested in this case on June 10, 2026. At the conclusion of her detention hearing, the honorable magistrate judge presiding released Ms. Feyock with the condition of home confinement under a GPS tether. (ECF No. 78.) The conditions restrict Ms. Feyock to her residence with exceptions for employment; education; religious services; medical, mental health, or substance abuse treatment; attorney meetings; court appearances; court-ordered obligations; and any essential activities approved in advance by the court, Pretrial Services, or her supervising officer. *Id.* at PageID 328.

At the time of Ms. Feyock's detention hearing, Pretrial Services recommended release with stand-alone GPS monitoring. She was ultimately released on home detention—one of the strictest release conditions of all defendants in this matter. Pretrial Services' initial recommendation of stand-alone monitoring is less stringent than Ms. Feyock's instant request of curfew with continued GPS monitoring.

Since her release over two and half months ago, Ms. Feyock has been in full compliance with her conditions of release. Ms. Feyock resides out of district and has regular, positive communication with her local pretrial services officer. He reports to defense counsel that there have been no issues. Ms. Feyock has been granted movement numerous times for approved activities, and has ably complied with requirements. Attorney Armour has conferred with Ms. Feyock's supervising pretrial services officer, Matthew Weiland, and Pretrial Services has no objection to the requested modification. The Government opposes modification.

Ms. Feyock's flawless performance on bond thus far indicates she will continue to abide by all release conditions. Her success while on release is reinforced by her utter lack of criminal background and her consistent history of helping others in a volunteer and professional capacity. *See* ECF No. 53, at PageID 262 (Brief in Opposition to Detention).

Since her release, Ms. Feyock has had significant life changes. As Pretrial Services is apprised, Ms. Feyock is no longer enrolled in medical school. Consequently, she must find a way to support herself during the pendency of this case. Her attempts to obtain work from the confines of her home have proved unsuccessful to date. Under her current conditions, she is not authorized to leave her home to look for work. Thus, she seeks modification of her conditions of release so that she may seek employment, which is a vital and prosocial activity.

District courts have broad authority to amend or modify conditions of release "at any time." 18 U.S.C. § 3142(c)(3). The Bail Reform Act is a statute that values liberty, and thus pretrial release must be "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. §

3142(c)(1)(B).

Ms. Feyock's record of compliance, positive relationship with Pretrial Services, personal background, and changed employment circumstances all militate in favor of modification. Having a curfew with a GPS tether would continue to permit Pretrial Services to know her location anytime she is outside of the home. For the above reasons, home confinement is no longer the least restrictive means available to achieve those goals.

WHEREFORE, Paige Feyock respectfully requests that this Honorable Court modify her conditions of release by implementing curfew, removing home confinement, and continuing in GPS monitoring.

Dated: September 1, 2026

Respectfully submitted,

/s/ Molly Armour
Molly Armour (Illinois Bar 6295792)
Law Office of Molly Armour
53 W. Jackson Boulevard, Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com

/s/Sanford Plotkin
Sanford Plotkin (P38691)
30445 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
248-798-5756
sanfordplotkin@gmail.com