UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ZAINAB HAKIM, et al.,

Defendants.

Case No.: 26-cr-20306

Hon. Judith E. Levy

---

**JOINT DEFENSE PROPOSED PROTECTIVE ORDER**

---

**IT IS ORDERED** that the pretrial disclosure of discovery materials is subject to the following protections:

1. **Materials Subject to this Order.** Except as provided herein, this Order governs only "Sensitive Materials."

2. **Sensitive Materials.** Sensitive Materials include materials containing electronic evidence obtained in this case (including social media accounts, iCloud accounts, email accounts, cell phone extractions); electronic surveillance warrants and their results; financial records; victim and third-party identifying and personal information; and federal search warrants. Sensitive Materials will be watermarked with this identification in the upper right corner of the document (so as to not block or interfere with the body of the document): Sensitive Materials.

3. **Protective Restrictions for Sensitive Materials.** The following protective restrictions apply to Sensitive Materials:

   **a.** Possession of Sensitive Materials is limited to the defense team and any agents (as defined below in Paragraph 4). The defense team is permitted to print and/or make electronic copies

of Sensitive Materials so long as they remain in the defense team's possession and control. Any copies of Sensitive Materials must be handled in accordance with this Order. Sensitive Materials shall not be further disseminated by the defendants or their counsel to any individuals, organizations, or other entities outside of the defense team.

**b.** Except as provided by this Protective Order, the defense team is the defendants, their counsel, co-counsel, paralegals, investigators, translators, litigation support personnel, secretarial staff, and/or experts retained to assist in the preparation of the defense for the defendants, including to determine if a plea of guilty is appropriate.

**c.** Defense counsel must provide members of the defense team and the defendant with a copy of this Order before providing them with access to, or permitting them to view, Sensitive Materials. Defense counsel shall advise the defense team and the defendant that they may not further disclose any portion of the Sensitive Materials, or any copies, notes, transcripts, or documents derived or prepared from Sensitive Materials, except in conformity with this Order. Defense counsel and the defense team must read, sign, and date an acknowledgment of the terms of this Order. A copy of any acknowledgment must be maintained until this proceeding concludes (including any sentencing, appeal, or collateral attack).

**d.** If any of the defendants obtains substitute counsel or elect to represent themselves pro se, the defense counsel will not transfer any portion of the Sensitive Materials unless and until substitute counsel or the pro se defendant reads, signs, and dates an acknowledgement of the terms of this Order.

**e.** At the conclusion of this case, all Sensitive Materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the government and after the conclusion of all stages of the case (including sentencing, appeal, and collateral attack of any convictions), all Sensitive Materials produced by the government shall be returned to

the government. Nothing in this provision shall impact the attorney-client privilege or work product doctrines, which also prohibit disclosure and impose obligations on defendants' counsel.

**f.** No party or authorized recipient may input, upload, or submit Sensitive Information into any public artificial intelligence platform, including any generative, analytical, or large language model-based tool ("AI"), unless the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all Sensitive information upon request. A party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections.

**4. The Defense Team Includes:**

**a.** The defendants, their counsel, co-counsel, paralegals, investigators, translators, litigation support personnel, administrative and secretarial staff, translators, interpreters, and experts and/or consultants retained and/or appointed to assist in the preparation of the defense for the defendants, including to determine if a plea of guilty is appropriate.

**5. Amendment of the Order.** Nothing in this Order shall preclude the government or a defendant from seeking a further protective order. In addition, this Order is entered without prejudice to any party's right to seek a revision of this Order by appropriate motion to the Court.

6. **Inadvertent Disclosure.** Should any Sensitive Material be mistakenly or improperly disclosed by a member of any defendant's defense team then that defendant's defense counsel shall use their best efforts to obtain the return of any such Sensitive Material.